Good morning, ladies and gentlemen. Welcome to the Ninth Circuit. We're very pleased to be with you today. Judge Smith and I would especially like to welcome our colleague, Judge Michael Malloy, from the Eighth Circuit. We want to thank him for his continued service to the United States and his service to this Court. Thank you. We have three matters on the oral argument calendar that were ordered, submitted on the briefs. That's United States v. Canterbury, United States v. Bosch, and Wright v. Legrand. We have three matters on the oral argument calendar, which we will take in the order in which they appear. The first case is United States v. Walker. Thank you, Sasso. On behalf of Steven Walker, I would like to reserve two minutes, please. Decamps and Matthews are unambiguous. A sentencing judge may not make factual findings in the first instance to increase a statutory maximum. The Court was clear that the reason why courts can consider the fact of a prior conviction is because the elements of that conviction are necessarily established beyond a reasonable doubt. But the analysis is different when we're looking at whether three different convictions were committed on three different occasions. That analysis is not limited necessarily to the fact of a prior conviction. Specifically, a sentencing judge will need to look to non-element facts such as the when, where, how an offense was committed. And by definition, the sentencing judge is making factual findings in the first instance that would increase both a statutory maximum and a mandatory minimum. The judgments that the district court relied on were all the same crime. Those are all violations of the same section in this case. Is that correct? That's correct. The corporal injury to a spouse or cohabitant. I have four judgments, abstracts of judgments before me. Do you know which three the judge relied on? Do you remember? I think two are duplicative, Your Honor. Okay, the ones in 1999. And they're duplicative because we know they have the same date. And so we know that the others are not duplicative because one is from 1998 and one is from 2014. Well, we know they're duplicative because my client has three prior convictions. This court has never relied on simply abstracts of judgment, first of all. And the fact of the date of a conviction is not an element of the offense. And so the fact that it says 98-99 in a little box, first of all, that's not an element of the offense. No, but it tells us the date of conviction. The date of conviction, Your Honor, has nothing to do with the date of when the offense occurred. Dates of conviction occur at all different times depending on how long the proceedings occurred. We have no idea, based on those documents, when the actual offense was supposed to transpire, whether the incidents occurred at the end of December 31st, the beginning of January 1st, if they even are 1998 and 1999. Those are not elements. And as DeCamps tells us, we have a Sixth Amendment issue if we're not looking at elements because there's no legal significance to those facts, there's no incentive to challenge them, and a jury has not necessarily found them beyond a reasonable doubt, which means they can be downright wrong. So the danger that you're concerned is that the convictions in 1998 and the convictions for 1999 might have been the same incident? There's absolutely no way of knowing. Okay. You're not really going to fight the one in 2014, are you? I think that that's less interesting a discussion. We still have the same issue that we do not know when the— And so you want this to go back to district court and convene a jury and then have a jury look at what? Your Honor, I believe jeopardy has attached. The elements are found during the trial phase of the proceeding. And first of all, there was no notice because the issue of whether these convictions occurred on three separate occasions was not even in the indictment. And at the change of plea hearing, the defendant specifically did not admit any of the prior convictions, let alone that they were committed on three different occasions. And the government specifically was asked whether it objected. It said it didn't. Jeopardy attached. This court does not remand based on insufficient evidence for failure to prove an element. Jeopardy is attached. This court must remand so that Mr. Walker can be sentenced based on the elements that were established during the trial phase, which is a statutory maximum of 10 years. This court we can look at. I didn't cite it in my brief. I mean, it's not a controversial proposition that we do not open up sufficiency of the evidence after the trial phase is completed. And I would cite to United States v. Norby, and I can provide the citation in the 28J letter, that's specifically looking at an Apprende error where the court in that case, the district court sentenced the individual above the statutory maximum based on a fact that the district court judge decided in the first instance. And this court said that has to go back because it impacted the individual's substantial rights because they were by definition sentenced in the first instance. Let me ask you a little bit different approach to this. It seems to me that if I look at Apprende, any fact that increases the penalty of the crime beyond the prescribed statutory minimum must be submitted to the jury and proved beyond a reasonable doubt other than the fact of the prior conviction, right? That's correct, Your Honor. Now, just one second. So if you agree with me of that, then I look at Torres. Doesn't Torres say that the district court, however, may find the fact of a prior conviction? The fact of a prior conviction, that's an element of 922-2. All right, just a minute. And then the next is you look at Griselle, which is 488-Fed3-844, where it says the fact of a prior conviction includes the date of the conviction when the face of the document demonstrating the defendant's prior conviction includes the date. I'm trying to figure out why that doesn't just foreclose your argument. Because Griselle was decided six years before Mathis and Day-Camps in particular and Mathis, and Griselle relied on a mistake. But Mathis does not address the fact of the prior conviction exception. It absolutely does, Your Honor. It says when we said fact of a prior conviction, we meant what crime with what elements the individual was convicted of and nothing more. I really don't think you're right because Justice Thomas wanted that to be said, and it wasn't said. It was I'm quoting from Mathis. Well, I am too. The fact of a prior conviction is what elements with what crime with what elements the individual was convicted of, and the court says a sentencing judge can do no more. Do you agree with me that Mathis reaffirmed that the judge may find the fact of the prior conviction? Absolutely. And if, in fact, Griselle says that the fact of the prior conviction includes the date, then Mathis isn't in opposition at all. It absolutely is because Mathis defined what it meant by the fact of a prior conviction. Griselle and the cases it relied on rely on a misunderstanding of Day-Camps. Well, Day-Camps hadn't been decided yet, a misunderstanding of Apprendi that believed there was a recidivism exception, that a recidivism exception applied that let judges find facts about the nature of a conviction that were non-elemental. That's what Day-Camps and Mathis emphatically said judges cannot do. They are limited to what elements the individual was necessarily convicted of. Mathis specifically says an ACCA enhancement cannot rely on facts. Ms. Paso, just to make sure I understand your argument, I have laid out for you how it is that I could rely on Griselle. If I cannot find in Mathis that Mathis says that the judge cannot, where the date of conviction is included on the face of the document, that that's a part of the fact of the prior conviction and Mathis doesn't overrule that, are you, is your argument finished? No, Your Honor. I think Day-Camps very clearly Well, but Day-Camps again says other than the fact of a prior conviction. And specifically says that any non-elemental fact cannot be relied on to increase the statutory maximum. And Mathis I understand your argument. Okay. I will reserve the remainder of my time. Okay. Thank you. You may do so. Mr. Pearson. Good morning, Your Honors. May it please the Court. Ross Pearson from the United States. I believe Judge Smith's questioning hit it right on the head. It's that this Court has decided this issue in Griselle. And ever since the Supreme Court has first set forth the rule in Almendar's Torus that the fact of prior conviction is not an element that needs to be submitted to the jury, it's been very careful to reaffirm that principle. It did so in DeCamp and it did so in Mathis. And Griselle's reasoning is based on the theory that the fact of prior conviction necessarily comes with some collateral findings, such as the date on which the defendant was convicted and the who, the what, the where, and the when. By reaffirming that principle, the Supreme Court was careful to say that it wasn't upsetting every circuit that has consistently held that a court may look at this common nucleus of facts that come with the fact of prior conviction. And I just want to point out that on Issue 2, it's really a much more narrow issue than Walker tries to present it. As the Court noted, these are three separate violent felonies that occurred in three different years. The abstracts of judgment even have a column that says year crime committed that says 1998, 1999, and 2014. And that fits squarely within Griselle, that if these, at the very least, the fact of prior conviction must allow the Court to look at the year of conviction to determine that these offenses occurred on different occasions. So the Court doesn't have to go into the nuance of when crimes are, a spree of crimes, a spree of violent crimes occur closely in time and whether they're closely related, whether there are different victims. The question before this Court in this case is whether three convictions in three different years for three violent felonies are sufficient for a district court to find that they occurred on different occasions. And every court that's addressed this issue has said it has. I cited in the 28J letter, United States v. Hennessey, that even post-Mathis and post-DeKamps, the Sixth Circuit has also said that this doctrine remains viable. And I just wanted to briefly address Ms. Sasso's argument in her opposition 28J letter that Chief Judge Cole and his dissent in the Sixth Circuit case has the better argument. Even under Chief Judge Cole's dissent, this case would come out the same because at page 454 of his dissent, he says that it's only an issue of a court having to look at the underlying facts of a prior conviction where the conviction occurs in a spree on the same day. So in Hennessey, it was a defendant who committed two separate violent felonies in close proximity. Chief Judge Cole specifically says if you had an instance where a defendant committed three violent felonies in three different years, you wouldn't have this issue. So even under the dissent in Hennessey, our position is strongest, and no other court has accepted this position. You, in your brief, as I understand it, concede that this is state and oval review? Yes. Does it make a difference that this issue wasn't raised at the trial court? Because as I understand, this issue was not raised before the trial judge, right? The defendant before the trial court did argue that the court couldn't find that these offenses occurred on different occasions. Okay, I'm sorry. And he argued that as a legal matter. He didn't factually say that he hadn't committed these offenses on different occasions. If the panel doesn't have any questions, I'll just start or finish where I started, that this court's already decided this issue, it's already decided the first issue, and it should affirm. Thank you. Thank you. Thank you, Mr. Pearson. The government's approach is doing exactly what de Camp said a judge cannot do, which is scour the record to look for non-elemental facts. There's not much scouring going on, Ms. Sasso. All we have to do is look at the date. That are not elements. First of all, we don't know whether there was a spree here because we've got 98 and 99. The date of the pleas is 14 months apart. Yes, but that's irrelevant. We have no idea when these actual events occurred. They could have occurred December 31st, January 1st. We don't know. Also, it's not an element, so that could be downright wrong, as de Camp said.  As Justice Gorsuch reminded us just last term, only a jury can, acting on proof beyond a reasonable doubt, deprive an individual of our liberty. That is a promise, the jury trial guarantee, that we hold in the highest regard to protect us against arbitrary government. So have you got to take this on bonk? Because I think Griselle is compelling on this particular panel. Well, Your Honor, I honestly don't know how you get beyond Mathis. I understand the court disagrees with me, but both Mathis and de Camp say very clearly, without reservation, a court cannot rely on non-elemental facts. That is exactly what Griselle did. And the Hennessey court, the cases that it cited, not a single one of them addressed this specific issue. They simply looked to whether a court can rely on Shepard documents. The PSR police report are out. That's non-controversial. The issue here is whether a judge can rely on a non-elemental fact to take away someone's liberty beyond the offense of conviction. And Mathis and de Camp are crystal clear. A judge cannot rely on non-elemental facts to do that. Thank you. Thank you both counsel. The case is United States v. Walker is submitted.
judges: Melloy, Bybee, N.R. Smith